UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 150 SPEAR STREET ASSOCIATES L.P., <br><br> Plaintiff, <br><br> v. <br><br> VWR INTERNATIONAL, LLC, et al., <br><br> Defendants. | Case No. 17-cv-03246-JST (MEJ) <br><br> **ORDER RE: MOTION TO COMPEL** <br><br> Re: Dkt. No. 54 |

The undersigned has reviewed the parties' briefs on Plaintiff's Motion to Compel. Mot., Dkt. No. 54; Opp'n, Dkt. No. 57; Reply, Dkt. No. 60. The February 22, 2018 hearing on the Motion is CONTINUED to allow the parties to contemplate the following guidance:

(1) The way in which RFAs 4-6 are currently phrased allow Defendants to respond with their current responses. For example, Defendants' objection that incorporating the Lease's 50-line definition of "Hazardous Materials" renders the RFAs compound is well-taken. Defendants' alleged disingenuousness does not provide this Court with a basis for compelling them to respond further. Nevertheless, the Court is inclined to allow Plaintiff to propound new RFAs that are reframed with more specificity. For instance, Plaintiff may propound new RFAs asking Defendants to admit or deny that each of the chemicals listed on the appendix to the Lease is a hazardous material (Warden Decl., Ex. A, Dkt. No. 54-2) or that each of the chemicals discussed in the Brownfields Application (*id.*, Ex. C, Dkt. No. 54-4) was found on the Property, that Defendants used them on the Property, and/or that Defendants contaminated the Property with each chemical. Defendants may, for example, admit the chemical was found, but respond that they can neither admit nor deny that they used or are responsible for the contamination of the Property by such chemical(s) because they lack records regarding the use of or contamination by

that chemical. The Court encourages the parties to reach a less burdensome solution on their own.

(2) Defendants' objections to RFAs 13-18, 29, 31-32 do not appear to be well-taken.

(3) Defendants' responses to RFAs 33-38 appear complete, although Defendants have an ongoing duty to supplement them based on their continued investigation.

(4) The non-confidential Prologis settlement appears relevant and Federal Rule of Evidence 408 does not govern discoverability of information contained in the settlement.

(5) Given the parties' dispute over the definition of "the incident" as used in Interrogatories 2-25, the Court is inclined to allow Plaintiff to propound new Interrogatories that simply omit this phrase and, if necessary, to propound new interrogatories for each of the compounds listed on the Lease appendix or in the Brownfields Application. Once again, the Court encourages the parties to reach a less burdensome solution on their own.

(6) Plaintiff served 46 interrogatories beyond the presumptive limit of 25 that is set forth in Federal Rule of Civil Procedure 33(a)(1). Plaintiff did not seek to reach an agreement with Defendants regarding additional discovery and did not seek leave of Court to propound the additional interrogatories before doing so. Plaintiff instead moves to compel, after the fact, Defendants' responses to the additional interrogatories. This is improper. The undersigned will revisit the issue after the parties have resolved their disputes involving the RFAs and Interrogatories 1-25.

No later than March 7, 2018, the parties shall submit a joint statement regarding the status of their discovery disputes and/or a request for an in-person meet and confer. The Court will reschedule the hearing date, if necessary, at that time.

**IT IS SO ORDERED.**

Dated: February 15, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge