1  N. KATHLEEN STRICKLAND (SBN 64816)
   ANGELA J. YU (SBN 263212)
2  STEPHAN CHOO (SBN 284395)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  150 Spear Street, Suite 850
   San Francisco, CA 94105
4  Telephone: (415) 543-4800
   Facsimile: (415) 972-6301
5  Email: kathleen.strickland@rmkb.com
          angela.yu@rmkb.com
6         stephan.choo@rmkb.com

7  BONNIE ALLYN BARNETT (appearing *pro hac vice*)
   DRINKER BIDDLE & REATH LLP
8  One Logan Square, Suite 2000
   Philadelphia, PA 19103
9  Telephone: (215) 988-2916
   Facsimile: (215) 689-4257
10 Email: bonnie.barnett@dbr.com

11 ADAM J. THURSTON (SBN 162636)
   DRINKER BIDDLE & REATH LLP
12 1800 Century Park East, Suite 1500
   Los Angeles, CA 90067
13 Telephone: (310) 203-4000
   Facsimile: (310) 229-1285
14 Email: adam.thurston@dbr.com

15 Attorneys for Defendant
   VWR INTERNATIONAL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 150 SPEAR STREET ASSOCIATES, L.P., <br><br> Plaintiff, <br><br> v. <br><br> VWR INTERNATIONAL, LLC; UNIVAR USA INC., <br><br> Defendants. | CASE NO. 3:17-cv-03246-JST <br><br> **STIPULATION AND [PROPOSED] ORDER GOVERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** <br><br> Judge: Hon. Jon S. Tigar <br> Complaint Filed: June 6, 2017 |

Pursuant to Federal Rule of Civil Procedure 26(f)(3)(C), Plaintiff 150 Spear Street Associates, L.P. ("Plaintiff") and Defendants VWR International, LLC and Univar USA Inc. (collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree, subject to Court approval, to the following terms governing discovery of electronically stored information ("ESI") in this case:

1. PURPOSE

This Stipulated Order shall govern discovery of ESI in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules. The Parties desire to control and focus the production of ESI to the needs of the case to promote a "just, speedy, and inexpensive determination" of this action, as required under Federal Rule of Civil Procedure 1.

Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include all metadata. However, the metadata fields identified in Section 5(e) below shall generally be included in the production if such fields exist. If during the discovery period, additional metadata fields are identified that would facilitate the identification or organization of relevant information, the Parties shall work in good faith to include those additional metadata fields that exist.

2. COOPERATION

The Parties are aware of the importance that the Court places on cooperation and commit to cooperate in good faith throughout this case consistent with this Court's Guidelines for the Discovery of Electronically Stored Information. A party's meaningful compliance with this Stipulated Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations. For example, a party's refusal to allow for additional metadata fields, as referenced above, would be evidence of noncompliance.

3. PRESERVATION

The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs

and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that:

    (a) The Parties shall meet and confer regarding the appropriate types of ESI which they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, as necessary. The Parties shall add or remove custodians as reasonably necessary; and

    (b) The Parties shall meet and confer regarding the appropriate number of custodians per party for whom ESI will be preserved, as necessary.

### 4. SEARCH TERMS

The Parties agree that in responding to an initial Federal Rule of Civil Procedure 34 request, or earlier if appropriate, they shall meet and confer about appropriate search terms to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

### 5. PRODUCTION FORMATS

The Parties agree pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(i), that the presumption is that ESI shall be produced in native format (that is, the same form that it is used or kept in the usual course of business) and agree to use commercially reasonable efforts to produce the information electronically consistent with Federal Rule of Civil Procedure 1. The Parties further agree that emails, spreadsheets, videos, animations, audio files, and presentations that include video, animation, or audio shall be produced where practical in native format. To the extent that documents produced in native format cannot be rendered or viewed without the use of proprietary software, the Parties shall meet and confer to minimize any expense or burden associated with the review of such documents, including issues as may arise with respect to obtaining access to any such software or operating manuals.

ESI not produced in native format and amenable to being imaged shall be produced as images on optical disks (that is, CDs or DVDs), external hard drives, or a secure File Transfer Protocol (FTP) site, accompanied by load files. Each image will bear a unique production number and any applicable confidentiality language pursuant to the Stipulated Protective Order governing this case. ESI produced in this manner shall be accompanied by load files with

searchable text, including electronically extracted text or, if electronically extracted text is unavailable, OCR text, and shall include:

(a) Unitization, including the production number of the first and last page of each document;

(b) Attachments, including information sufficient to identify the parent and child relationships of all documents and ESI that are or have attachments;

(c) Confidentiality, including any designation pursuant to the Stipulated Protective Order;

(d) Source information, including the identity of the custodian, or, if none, a generalized location; and

(e) System metadata, namely the following fields: (1) BEGDOC; (2) ENDDOC; (3) BEGATTACH; (4) ENDATTACH; (5) PAGECOUNT; (6) ATTACHCOUNT; (7) CUSTODIAN; (8) FILENAME; (9) FILEEXT; (10) FOLDER, except that this field need not be produced for emails with counsel for the Parties; (11) FILESIZE; (12) AUTHOR; (13) TITLE; (14) CREATEDDATE; (15) CREATEDTIME; (16) LASTMODDATE; (17) LASTMODTIME; (18) EMAIL_FROM; (19) EMAIL_TO; (20) EMAIL_CC; (21) EMAIL_BCC; (22) EMAIL_SUBJECT; (23) EMAIL_DATERCVD; (24) EMAIL_TIMERCVD; (25) EMAIL_DATESENT; (26) EMAIL_TIMESENT; (27) DESIGNATION; and (28) MD5HASH.

Paper documents amenable to being imaged shall be produced as images on optical disks (that is, CDs or DVDs), external hard drives, or FTP site, accompanied by load files. Paper documents may be produced in black-and-white or color, but if a party intends to rely in any brief or hearing on an aspect of a document that requires review in color, the party shall produce that document in color. Each image will bear a unique production number and any applicable confidentiality language pursuant to the Stipulated Protective Order governing this case. Paper documents produced in this manner will be accompanied by load files with searchable text. If a party desires additional information about a particular paper document produced in this form, the Parties shall meet and confer regarding the appropriate means to supply the additional

information.

### 6. PHASING

When a party propounds discovery requests pursuant to Federal Rule of Civil Procedure 34, the Parties agree to phase the production of ESI. Following the Court's entry of an order on this Stipulation, the Parties shall continue to prioritize the order of subsequent productions.

### 7. DOCUMENTS PROTECTED FROM DISCOVERY

Pursuant to Federal Rule of Evidence 502(d), the production of a privileged and/or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege and/or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged and/or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. The Parties agree that privileged and/or work-product-protected communication to or from trial counsel post-dating the filing of the Complaint need not be placed on a privilege log.

### 8. MODIFICATION

This Stipulated Order may be modified by a stipulated order of the Parties or by the Court for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| Dated: February 15, 2018 | | ROPERS, MAJESKI, KOHN & BENTLEY |

By: /s/ N. Kathleen Strickland
    N. KATHLEEN STRICKLAND
    ANGELA J. YU
    STEPHAN CHOO
    Attorneys for Defendant
    VWR INTERNATIONAL, LLC

Dated: February 15, 2018    DRINKER BIDDLE & REATH LLP

By: /s/ Bonnie Barnett
    BONNIE ALLYN BARNETT
    ADAM J. THURSTON
    Attorneys for Defendant
    VWR INTERNATIONAL, LLC

Dated: February 15, 2018    VERIS LAW GROUP PLLC

By: /s/ Michelle Rosenthal
    MICHELLE ROSENTHAL
    GREGORY HIXSON
    Attorneys for Defendant
    UNIVAR USA INC.

Dated: February 15, 2018    NIXON PEABODY LLP

By: /s/ Jennifer Kuenster
    JENNIFER KUENSTER
    ANTHONY BARRON
    MATTHEW RICHARDS
    Attorneys for Defendant
    UNIVAR USA INC.

Dated: February 15, 2018    PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/ Philip S. Warden
    PHILIP S. WARDEN
    VIJAY K. TOKE
    Attorneys for Plaintiff
    150 SPEAR STREET ASSOCIATES, L.P.

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February 16, 2018

HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE