# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 150 SPEAR STREET ASSOCIATES L.P., <br> Plaintiff, <br> v. <br> VWR INTERNATIONAL, LLC, et al., <br> Defendants. | Case No. 17-cv-03246-JST (MEJ) <br> **DISCOVERY ORDER** <br> Re: Dkt. No. 54 |

## INTRODUCTION

Pending before the Court is Plaintiff 150 Spear Street Associates L.P.'s motion to compel further discovery responses from Defendants VWR International, LLC and Univar USA Inc. Mot., Dkt. No. 54. After the motion was fully briefed, the Court continued the hearing on the motion and offered the parties guidance on the relevant issues and ordered them to file a joint statement after they further considered their positions. *See* Opp'n, Dkt. No. 57; Reply, Dkt. No. 60; Discovery Order, Dkt. No. 62. The parties submitted their Joint Letter. Joint Letter Br., Dkt. No. 65.

The Court finds this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

Plaintiff is the former owner of a 15-acre parcel of land located at 3745 and 3775 Bayshore Boulevard in Brisbane, California (the Property), which it leased to Defendants for decades. *See* Mot. at 1, 3-6; Warden Decl., Ex. A (Lease), Dkt. No. 54-2. Plaintiff alleges that Defendants broke the terms of the Lease by using the Property for un-approved uses, contaminating the land

with hazardous materials, failing to immediately notify Plaintiff of the contamination, and failing to remediate the contamination. *Id.* As a result of Defendants' breaches, Plaintiff alleges it was forced to sell the Property at a steep discount. *Id.* Defendants dispute these allegations. *See* Opp'n.

The parties also dispute the contents of two documents: a 2010 Consent Order entered into by the San Mateo County Certified Unified Program Agency and VWR International, Inc. (Warden Decl., Ex. B (Consent Order)), and Defendants' 2014 Request for Agency Oversight of a Brownfield Site (*id.*, Ex. C (Brownfields Appl.)). Plaintiff contends these documents constitute admissions by Defendants that they have contaminated the Property; Defendants dispute this characterization. According to Defendants, the documents pertain to the handling and/or contamination of hazardous wastes at 3745 and/or 3775 Bayshore Boulevard, although neither document constitutes a finding or admission by Defendants that Defendants caused any contamination of the property. The Consent Order lists numerous violations of California Code of Regulations sections, none of which pertains to actual contamination. Consent Order ¶ 3. The Brownfields Application represents that certain rooms at 3745 Bayshore Boulevard "presumably housed hazardous chemicals during prior business operations . . . but no historical records of those operations have been found" and that "[a]ll hazardous materials from the more recent VWR operation were removed in January 2013"; a former tank farm installed at 3775 Bayshore Boulevard in the early 1960s stored bulk chemicals in above-ground tanks but was removed in 1980, but the list of chemicals was not available; current tenant Cal-Rite utilizes and stores chemicals for vehicle repair and maintenance at 3775 Bayshore Boulevard; current tenant Kam Lee Yuen does not appear to use hazardous substances; soil and groundwater data collected from the property indicates that releases of hazardous substances *may have occurred* from the above-ground tanks and/or piping formerly located at 3775 Bayshore, including "chlorinated ethenes, chlorinated ethanes, and petroleum hydrocarbons"; a floor drain at 3745 Bayshore has corroded "and *may have allowed releases* of chemicals to soil and groundwater beneath the building" – petroleum hydrocarbons, metals, and low concentrations of chlorinated solvents have been reported in soil samples collected beneath this area." Brownfields Appl. at 3 (emphases added).

When the parties were unable to resolve certain discovery disputes, the Presiding Judge referred the matter to the undersigned. After further efforts to meet and confer regarding their discovery disputes, the parties were able to narrow the issues to be presented to this Court. The remaining disputes concern: (1) requests for admission (RFA) 4-9, 12-19, 24-25, 27, 29, 31-38, and 50-60; (2) interrogatories 2-25; and (3) Plaintiff's request to propound 46 additional interrogatories. The parties also raise for the first time in their Joint Letter a dispute concerning requests for production of documents.

**DISCUSSION**

**A. Requests for Admission**

VWR International's responses to Plaintiff's RFAs are attached as Exhibit E to the Declaration of Philip Warden, Dkt. No. 54-6; Univar USA Inc.'s responses are attached as Exhibit H to the same document, Dkt. No. 54-9.

1. <u>RFAs 4-6</u>

These RFAs ask Defendants to admit they caused releases of "hazardous substances" (as defined in the Lease) into the soil, groundwater, or air in or around the Property. Defendants object to each of these on numerous grounds, and respond that they lack sufficient knowledge to admit or deny the RFAs, and on that basis, deny them. At issue in the Motion are their objections that the term "hazardous substances" is incorporated by reference into the RFAs; the definition of the term in the Lease is 54 lines of text, rendering the RFAs compound and complex; and the RFAs call for legal conclusions. *See* Opp'n at 6-8.

As the undersigned previously noted, Defendants' current responses are sufficient given the way in which these RFAs are currently phrased. Discovery Order ¶ 1. The undersigned indicated it was inclined to allow Plaintiff to propound new RFAs that were reframed with more specificity to refer to each of the chemicals listed on the appendix to the Lease or in the Brownfields Application. *Id.* The undersigned nonetheless encouraged the parties to reach a less burdensome solution on their own. *Id.* The parties indicate they discussed the possibility of entering into a stipulation, but have not been able to agree to one. Joint Letter at 2-3.

If the parties have not entered into a stipulation resolving their dispute with respect to

3

RFAs 4-6 by March 30, 2018, Plaintiff may propound as many versions of RFAs 4-6 as is necessary to cover each of the chemicals listed on the appendix to the Lease. Defendants shall respond to those RFAs within 15 days of receiving them.

2    RFAs 13-18

These RFAs ask Defendants to admit that Parcel A, Parcel B, and the "neighboring properties" (all as defined by the Lease) are covered by the terms of the Lease. Defendants object and argue that RFAs 13-16 demand Defendants admit Plaintiff's interpretation of the Lease with respect to the Property, and that they dispute Plaintiff's interpretation; as such, they impermissibly call for legal conclusions. Opp'n at 9. Furthermore, Defendants argue these RFAs are ambiguous with respect to "covered by the terms of the Lease" and "neighboring properties." They also object to RFAs 17-18, which asks Defendants to admit the Lease "requires" them to "comply with applicable environmental laws" and "act in a manner that does not expose the Property to the risk of contamination or damage due to Hazardous materials." Opp'n at 10. Defendants object that these RFAs call for conclusions of law; are ambiguous, compound, and overbroad; and could not be answered without explanation by Defendants. *Id.* at 10-11.

The undersigned previously indicated Defendants' objections to these RFAs were not well-taken. Discovery Order ¶ 2. It appears Defendants agree to provide supplemental responses, but disagree about the timing for providing such responses. Joint Letter at 3. Defendants shall provide amended responses to RFAs 13-18 by April 4, 2018.

3.    RFA 29

This RFA asks Defendants to admit they have not provided documents to Plaintiff demonstrating that they (Defendants) complied with the law when storing and transporting hazardous substances (as defined in the lease). Defendants argue this would require them to admit the absence of proof they complied with the law, and thus to admit they violated the law; again, they contend this calls for conclusions of law. Opp'n at 11.

The undersigned previously indicated Defendants' objections to this RFA was not well-taken. Discovery Order ¶ 2. It appears Defendants agree to provide supplemental responses, but disagree about the timing for providing such responses. Joint Letter at 3. Defendants shall

4

provide amended responses to RFA 29 by April 4, 2018.

4. RFAs 31-32

These RFAs ask Defendants to admit the Consent Order accurately lists legal violations for which Defendants are responsible, and that Defendants are responsible for the "unplanned sudden or non-sudden release of hazardous waste to air, soil or surface water which could threaten human health or the environment." Defendants argue the RFAs concern issues in dispute in this case, and thus are impermissible, and also call for legal conclusions. *Id.* at 12. Finally, they argue these RFAs are incapable of being admitted or denied without explanation because they are compound and ambiguous (e.g., "legal violations" and "responsible").

The undersigned previously indicated Defendants' objections to this RFA was not well-taken. Discovery Order ¶ 2. It appears Defendants agree to provide supplemental responses, but disagree about the timing for providing such responses. Joint Letter at 3. Defendants shall provide amended responses to RFAs 31-32 by April 4, 2018.

5. RFAs 33-38

These RFAs ask Defendants to admit they have caused certain chemical compounds to be present on the property. Defendants responded that they lacked sufficient knowledge to admit or deny these RFAs. VRW objects and argues that "caused to be present" is vague and ambiguous, and overbroad as to time; Univar admitted that during the time of its operations, chemicals were stored on the Property, but that it has not identified a list of such chemicals.

The undersigned previously indicated Defendants' responses to RFAs 33-38 appeared complete, but that Defendants had an ongoing duty to supplement them based on their continued investigation. Discovery Order ¶ 3. Plaintiff's Motion to Compel further responses to these RFAs is denied.

6. RFAs 50-58

These RFAs ask Defendants to admit they entered into a settlement agreement with a third party, Prologis; that the agreement involved damages caused by hazardous substances present on the Property; that it required Defendants to pay money to Prologis "based on the Lease", as well as further details regarding the Prologis settlement. Defendants object the RFAs seek irrelevant

5

information, as Prologis is not a party to this lawsuit, and any admissions of liability in the settlement agreement could not be admitted into evidence under FRE 408. Opp'n at 13-14. They also contend revealing details about the settlement could violate Prologis' privacy rights.

The undersigned previously indicated the non-confidential Prologis settlement appeared relevant and that Federal Rule of Evidence 408 does not govern discoverability of information contained in the settlement. Discovery Order ¶ 4. It appears Defendants agree to provide supplemental responses, but disagree about the timing for providing such responses. Joint Letter at 3. Defendants shall provide amended responses to RFAs 50-58 by April 4, 2018.

**B.     Interrogatories**

VWR's responses to Plaintiff's Interrogatories are attached as Exhibit K to the Warden Declaration (Dkt. No. 54-12); Univar's responses are attached as Exhibit N to the same document, Dkt. No. 54-15.

Interrogatories 2-25 ask Defendants to state facts concerning "any incident in which a Hazardous Substance was unintentionally released into . . . or around the Property", including persons with knowledge of such incidents, and communications and documents relating to such incidents. Defendants object to these interrogatories on numerous grounds, but in their Opposition, contend they answered them sufficiently by responding they were not aware of any "incidents" in which hazardous substances were released on or around the Property. Opp'n at 15. The parties now argue over the meaning of the term "incident": Defendants argue this must refer to a specific event in which contaminants were released, Plaintiff argues this construction is artificially narrow.

In its prior Order, "[g]iven the parties' dispute over the definition of 'the incident' as used in Interrogatories 2-25, the Court [was] inclined to allow Plaintiff to propound new Interrogatories that simply omit this phrase and, if necessary, to propound new interrogatories for each of the compounds listed on the Lease appendix or in the Brownfields Application. Once again, the Court encourage[d] the parties to reach a less burdensome solution on their own." Discovery Order ¶ 5. If the parties have not entered into a stipulation resolving their dispute with respect to Interrogatories 2-25 by March 30, 2018, Plaintiff may propound as many versions of these

interrogatories as is necessary to cover each of the chemicals listed on the appendix to the Lease. Defendants shall respond to those interrogatories within 15 days of receiving them.

**C.     Additional Discovery**

1.     Additional Interrogatories

Plaintiff served 46 interrogatories beyond the Rule 33(a)(1)'s presumptive limit of 25. Plaintiff did not seek to reach an agreement with Defendants regarding additional discovery and did not seek leave of Court to propound the additional interrogatories before doing so. Plaintiff instead moves to compel, after the fact, Defendants' responses to the additional interrogatories. Defendants object to the additional discovery, arguing it would not be proportional to the needs of the case, and would be inefficient and unduly burdensome.

Discovery beyond the presumptive limits may be appropriate, but until the parties have responded to the initial sets of discovery addressed by this Motion, the Court cannot determine whether additional discovery is proportional to the needs of the case. *See also* Discovery Order ¶ 6.

2.     Requests for Production of Documents

Defendant VWR has agreed to supplement its responses to requests for production of documents (RFP) 2, 4-9, 10-12, 17, and 28; it also has agreed to supplement its production if it is able to locate additional documents. Joint Letter at 3. The parties disagree as to the deadline for doing so. *Id.* VWR shall supplement its responses by April 4, 2018. Defendant Univar declines to supplement its responses. *Id.* All parties also indicate they have reached an impasse regarding RFP 1, 14, 22-24, 29, and 32. *Id.* at 4-5. Plaintiff seeks leave to file a motion to compel further responses and/or production. *Id.* at 3-6.

Plaintiff may file a motion to compel further responses to RFP at its convenience; the parties shall file the regular briefing schedule mandated by Local Rule 7-3. The Court will schedule a hearing if it deems one is necessary.

**CONCLUSION**

For the reasons stated above, the undersigned grants in part and denies in part Plaintiff's motion to compel.

**IT IS SO ORDERED.**

Dated: March 21, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge